UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MICHAEL RODRIGUEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>PATRICK COVELLO, et al.,<br><br>             Defendants. | Case No. 2:22-cv-00602-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED; OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF Nos. 1 & 2<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that defendants violated his due process rights during a disciplinary hearing and his Eighth Amendment rights by denying him adequate medical care. Plaintiff's complaint does not comply with federal pleading standards, however, and cannot proceed. I will give him leave to amend. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that the five named defendants violated his due process rights by excluding and suppressing unspecified medical data during a disciplinary hearing. ECF No. 1 at 4. He does not state what this medical data was or how each of the named defendants was involved in his disciplinary hearing—except that he vaguely alleges that each defendant had "full knowledge" of the violation. *Id.* Separately, he claims that defendants have failed to provide adequate care for his Covid-19 symptoms. *Id.* at 5. Again, however, he fails to allege how each defendant was involved in his care.

These are the sort of broad, conclusory allegations that the Supreme Court has deemed insufficient to comply with the pleading standards of the Federal Rules of Civil Procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To suffice, a complaint must provide enough detail to put each defendant on notice as to how he or she is personally alleged to have violated plaintiff's rights. Listing various names and making broad, indiscriminate allegations against all defendants will not suffice.

Plaintiff may file an amended complaint that addresses these shortcomings. If he decides to do so, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or state his intent to stand by the current complaint, subjecting to a recommendation of dismissal for failure to state a claim.

3. Failure to comply with this order may result in the dismissal of this action.

1      4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __July 20, 2022__                         _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE