UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MICHAEL RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00602-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS AND PARTIES, OR<br><br>(2) FILE A SECOND AMENDED COMPLAINT<br><br>ECF No. 17<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, raises at least three separate and unrelated claims against multiple defendants. These claims, described below, cannot proceed jointly; I will give plaintiff an opportunity to amend his complaint so that it includes only related claims. If he declines to file an amended complaint, I will screen his first viable claim through and recommend that other unrelated parties and claims be dismissed.

1

# Screening Order

## I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff brings at least three unrelated claims.  First, he alleges that on February 5, 2021, after suffering from Covid-19-related symptoms for more than a month, he asked defendant Delgado, a nurse, to order a lay-in and to inform a physician that he needed medical attention. ECF No. 17 at 2.  Delgado allegedly ignored his request and, when plaintiff threatened to write a grievance against her, she wrote a false disciplinary report against him.  *Id.* at 3.

Next, plaintiff alleges that, at the subsequent disciplinary hearing on those charges, defendant Elston violated his due process rights by acting as the hearing officer and as one of the officials who reviewed the report initially.  *Id.* at 4.  Elston also allegedly refused to accept plaintiff's documentary evidence.  *Id.* at 5.  This due process claim is separate legally and factually from the claim that Delgado violated his Eighth and First Amendment rights.

Finally, he broadly alleges that defendant Khashchuk, at some unspecified time, failed to monitor him after he contracted Covid-19.  *Id.* at 7.

Multiple, unrelated claims against more than one defendant belong in separate lawsuits. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").  Because these claims cannot proceed jointly, plaintiff should file an amended complaint that contains only related claims.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

1     Accordingly, it is ORDERED that:

2     1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court of his intent to stand by his current complaint, subject to a recommendation that claims and parties be dismissed.

3     2. Failure to comply with this order may result in the dismissal of this action.

4     3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: December 2, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE